IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:22CR26-1 |
| v. | : | |
| ANDREW ALLRED RODRIGUEZ | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant, ANDREW ALLRED RODRIGUEZ, in his own person and through his attorney, Mireille P. Clough, and state as follows:

1. The defendant, ANDREW ALLRED RODRIGUEZ, is presently under Indictment in case number 1:22CR26-1, which in Count One charges him with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), distribution of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine; and which in Count Two charges him with a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), possession of firearms in furtherance of a drug trafficking crime.

2. The defendant, ANDREW ALLRED RODRIGUEZ, will enter a voluntary plea of guilty to Count Two of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the

United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

  a. The defendant, ANDREW ALLRED RODRIGUEZ, understands that the maximum term of imprisonment provided by law for Count Two of the Indictment herein is not less than five years nor more than life, that such term of imprisonment cannot run concurrently with any other term of imprisonment; that he cannot be placed on probation or receive a suspended sentence. The defendant, ANDREW ALLRED RODRIGUEZ, further understands that the maximum fine for Count Two of the Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, ANDREW ALLRED RODRIGUEZ, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

  b. The defendant also understands that the Court may include as a part of that sentence, as to Count Two of the Indictment herein, a requirement that he be placed on a term of supervised release of not more than

five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  c. The defendant, ANDREW ALLRED RODRIGUEZ, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory mandatory minimum and maximum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

  d. The defendant, ANDREW ALLRED RODRIGUEZ, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, ANDREW ALLRED RODRIGUEZ, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United

3

States. The defendant, ANDREW ALLRED RODRIGUEZ, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to Count Two of the Indictment herein, the defendant, ANDREW ALLRED RODRIGUEZ, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, ANDREW ALLRED RODRIGUEZ, is going to plead guilty to Count Two of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, ANDREW ALLRED RODRIGUEZ, to Count Two of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining count of

4

the Indictment as to the defendant, ANDREW ALLRED RODRIGUEZ. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

  b. It is understood that if the Court determines at the time of sentencing that the defendant, ANDREW ALLRED RODRIGUEZ, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

  c. The defendant, ANDREW ALLRED RODRIGUEZ, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, ANDREW ALLRED RODRIGUEZ, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

d. The defendant, ANDREW ALLRED RODRIGUEZ, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

e. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, ANDREW ALLRED RODRIGUEZ, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, ANDREW ALLRED RODRIGUEZ, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

f. The defendant, ANDREW ALLRED RODRIGUEZ, entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, ANDREW ALLRED

RODRIGUEZ, may collaterally attack his conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of his guilty plea.

      g.      The defendant, ANDREW ALLRED RODRIGUEZ, entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, ANDREW ALLRED RODRIGUEZ, may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

      6.      The defendant, ANDREW ALLRED RODRIGUEZ, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the

schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, ANDREW ALLRED RODRIGUEZ, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, ANDREW ALLRED RODRIGUEZ, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, ANDREW ALLRED RODRIGUEZ, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8

Case 1:22-cr-00026-WO   Document 25   Filed 08/02/22   Page 8 of 9

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 2 day of August, 2022.

SANDRA J. HAIRSTON
United States Attorney

MIREILLE P. CLOUGH
Attorney for Defendant

NICOLE R. DUPRÉ
NCSB #41214
Assistant United States Attorney
101 S. Edgeworth St., 4th Fl.
Greensboro, NC 27401
336/333-5351

ANDREW ALLRED RODRIGUEZ
Defendant

/S/ JGM

9